**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

| | |
|---|---|
| **CHINA TELECOM (AMERICAS) CORPORATION,**<br>607 Herndon Parkway, Suite 201<br>Herndon, VA 20170<br><br>**HUI ZHAO**<br>13723 Neil Armstrong Avenue, #309<br>Herndon, VA 20171<br><br>　　　　Plaintiffs,<br><br>　　　　　　v.<br><br>**UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES,**<br>Mail Stop, 5900 Capital Gateway Dr. #2040,<br>Camp Springs, MD 20746<br><br>**CONNIE NOLAN, ASSOCIATE DIRECTOR, USCIS SERVICE CENTER OPERATIONS DIRECTORATE,**<br>Mail Stop, 5900 Capital Gateway Dr. #2040,<br>Camp Springs, MD 20746<br><br>**KIKA SCOTT, ACTING DIRECTOR, UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES,**<br>Mail Stop, 5900 Capital Gateway Dr. #2040,<br>Camp Springs, MD 20746<br><br>　　　　Defendants. | Case No.: 1:25-cv-00356 |

## PETITION FOR WRIT OF MANDAMUS AND COMPLAINT FOR INJUNCTIVE RELIEF

Plaintiffs China Telecom (Americas) Corporation and Hui Zhao state as follows in support of this Petition for Writ of Mandamus and Complaint for Injunctive relief:

## JURISDICTION AND VENUE

1.          This Court has subject matter jurisdiction over this matter under 28 U.S.C. §
1331 (federal question jurisdiction), because this matter arises under the laws of the United
States, particularly the Immigration and Nationality Act ("INA") and related agency regulations;
the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 *et seq*.; and the Mandamus Act, 28
U.S.C. § 1361.

2.          Venue is proper in this district under 28 U.S.C. § 1391(b)(2), as a
substantial part of the events and omissions giving rise to these claims occurred in the Eastern
District of Virginia.

## PARTIES

3.          Plaintiff China Telecom (Americas) Corporation ("CTA") is a global
telecommunications company headquartered in Herndon, Virginia. CTA is a wholly owned
subsidiary of China Telecom Corporation Limited.

4.          Plaintiff Hui Zhao is a citizen of China and the President of CTA. Mr.
Zhao is the beneficiary of an L-1 petition with receipt number SRC2305650169 that was filed by
CTA on his behalf.

5.          Defendant United States Citizenship and Immigration Services ("USCIS")
is the agency within the Department of Homeland Security that is responsible for adjudicating
L-1 petitions.

6.          Defendant Connie Nolan is sued in her official capacity as Associate
Director of the USCIS Service Center Operations Directorate. The USCIS Service Center
Operations Directorate provides services for persons seeking immigration benefits and provides
decisions to individuals requesting immigration benefits at Service Centers.

7.          Defendant Kika Scott is sued in her official capacity as the Acting

Director of USCIS. In that capacity, she is responsible for ensuring the timely and proper adjudication of L-1 petitions.

## **STATUTORY AND REGULATORY BACKGROUND**

8.        The Immigration and National Act authorizes approval of an individual L-1 petition for a beneficiary who, within 3 years preceding the time of his application for admission into the United States, has been employed continuously for one year by a firm or corporation or other legal entity or an affiliate or subsidiary thereof and who seeks to enter the United States temporarily in order to continue to render his services to the same employer or a subsidiary or affiliate thereof in a capacity that is managerial, executive, or involves specialized knowledge. 8 U.S.C. §1101(a)(15)(L).

9.        Petitioners must file individual L-1 petitions with USCIS, and upon approval, the beneficiary of the petition may apply for issuance of an L-1 visa by the U.S. Department of State at an embassy or consulate abroad. 8 U.S.C. §§1201, 1202.

10.        The Foreign Affairs Manual (FAM) and associated Handbooks (FAHs) are the authoritative source for the U.S. Department of State's organization structures, policies, and procedures that govern the operations of the State Department, the Foreign Service, and, when applicable, other federal agencies.[1] The FAM and the FAHs together convey codified information to Department of State staff and contractors so they can carry out their responsibilities in accordance with statutory, executive, and Department of State mandates.[2]

11.        Under 9 FAM 601.13-1, a USCIS-approved petition is "prima facie evidence that the requirements for the visa classification have been met." Thus, an approved L-1

---

[1] https://fam.state.gov/ (last accessed Feb. 20, 2025).

[2] *Id.*

3

petition is prima facie evidence that USCIS has deemed the beneficiary eligible for L-1 status

based on the petitioner's sponsorship, absent any inadmissibility issues. *See also* 9 FAM 402.12-

6(A)(a) ("An approved individual petition is prima facie evidence that the requirements for visa

classification, which are examined by a USCIS adjudicator during the petition process, have been

met.").

12.        After the beneficiary attends a consular visa interview, INA section 221(g)

of the INA grants consular officers the authority to refuse visa issuance if

> (1) it appears to the consular officer, from statements in the application, or in the papers submitted therewith, that such alien is ineligible to receive a visa or such other documentation under section 1182 of this title, or any other provision of law;
>
> (2) the application fails to comply with the provisions of this chapter, or the regulations issued thereunder; or
>
> (3) the consular officer knows or has reason to believe that such alien is ineligible to receive a visa.

8 U.S.C. § 1201(g).

13.        When a consular officer refuses L-1 visa issuance under INA section

221(g), 9 FAM 402.12-6(E) governs the procedure for next steps and the referral of the

underlying petition to USCIS for reconsideration and revocation:

> If you know or have reason to believe an applicant applying for a visa under INA 101(a)(15)(L) is not entitled to the classification as approved in the individual petition, you must refuse the case under INA 221(g) and explain to the applicant that you intend to return the petition to USCIS for reconsideration, providing an explanation of the relevant facts to the extent possible. Then, submit a Form DS-3099, NIV Petition Revocation Request Cover Sheet along with the petition, all pertinent documentation, and a written memorandum of the evidence in Microsoft Word format to the Kentucky Consular Center (KCC) using the email address KCCI129Revocations@state.gov. The KCC will forward the request to the approving USCIS Service Center.

14.        Pursuant to INA section 205(d), USCIS "may, at any time, for what he

deems to be good and sufficient cause, revoke the approval of any petition approved." 8 U.S.C. § 1155; *see also* 1 USCIS-PM, Pt. E, Ch. 10, ¶D, https://www.uscis.gov/policy-manual/volume-1-part-e-chapter-10 (last accessed Feb. 20, 2025).

15.         Eligibility for specific nonimmigrant benefits is determined by the INA section governing the particular benefit, and USCIS' revocation or revalidation of nonimmigrant benefits is governed by the corresponding regulations of 8 C.F.R. § 214.2.

16.         Under 8 C.F.R. § 214.2(*l*)(9)(ii), automatic revocation of an individual L-1 petition is warranted only if the petitioner withdraws the petition.

17.         Under 8 C.F.R. § 214.2(*l*)(9)(iii)(A), USCIS shall send the petitioner a Notice of Intent to Revoke ("NOIR") the petition in relevant part if he or she finds that

> (1) One or more entities are no longer qualifying organizations;
>
> (2) The alien is no longer eligible under section 101(a)(15)(L) of the Act;
>
> (3) A qualifying organization(s) violated requirements of section 101(a)(15)(L) and these regulations;
>
> (4) The statement of facts contained in the petition was not true and correct;
>
> (5) Approval of the petition involved gross error; or
>
> (6) None of the qualifying organizations in a blanket petition have used the blanket petition procedure for three consecutive years.

18.         Therefore, upon receipt of a returned L-1 petition, USCIS must take one of three adjudicatory actions: (1) reaffirm its prior approval of the L-1 petition; (2) automatically revoke the L-1 petition; or (3) issue a Notice of Intent to Revoke the L-1 petition based on information in the consular return memorandum. 8 C.F.R. § 214.2(*l*)(9).

19.         In the event USCIS issues a NOIR, it "shall contain a detailed statement of the grounds for the revocation and the time period allowed for the petitioner's rebuttal." 8 C.F.R.

§ 214.2(*l*)(iii)(B).

20.        Upon receipt of a NOIR, the petitioner may submit evidence in rebuttal within 30 days of the notice, and USCIS "shall consider all relevant evidence presented in deciding whether to revoke the petition in whole or in part." *Id.*

## FACTS

21.        In August 1989, Mr. Zhao joined Sichuan Provincial Administration of Post and Telecommunications as an Assisting Engineer. After a restructuring, the company became part of what is now the China Telecom Corporation Limited organization. Since then, Mr. Zhao has continuously worked in various roles of increasing responsibility within the China Telecom Corporation Limited organization in both China and the United States.

22.        In February 2010, CTA transferred Mr. Zhao to the United States in L-1A nonimmigrant status to serve as its Vice President. He held this role until February 2018.

23.        In February 2018, Mr. Zhao returned to China to serve as Vice President of the Enterprise Clients Department at China Telecom Global in Hong Kong.

24.        On December 2, 2022, CTA, seeking to transfer Mr. Zhao back to the United States as its President, filed a petition with USCIS to change Mr. Zhao's status from B-2 to L-1A nonimmigrant status for the period of December 16, 2022 to December 15, 2025. On December 10, 2022, USCIS approved the petition, and on December 16, 2022, Mr. Zhao began the role of President of CTA within the United States.

25.        On November 28, 2023, after traveling to China, Mr. Zhao attended a consular interview at the U.S. Consulate in Beijing, China to obtain an L-1 visa stamp based on CTA's approved L-1 petition. After the interview, he received a letter stating the following:

> Your application has been refused under Section 221(g) of the Immigration and Nationality Act of 1952. Please be advised that for U.S. visa purposes, including ESTA (https://esta.cbp.dhs.gov/esta/),

> this decision constitutes a denial of a visa. This refusal may be
> overcome without filing another visa application once you present
> the required additional evidence. ALL MATERIALS MUST BE IN
> ENGLISH. Additional processing may take four weeks or longer.

The letter contained a requested documentation table where the adjudicating officer wrote "NONE" to indicate that no documentation was requested.

26.          On April 9, 2024, Mr. Zhao followed up with the Beijing Consulate. The consulate responded with a request for Mr. Zhao's resume and a detailed description of his "job/company", and on the same day, Mr. Zhao provided the requested items to the Beijing Consulate. The Consulate did not communicate with Mr. Zhao or with CTA any further or notify them of any action taken on his application.

27.          On August 12, 2024, USCIS reopened CTA's L-1 petition on behalf of Mr. Zhao.

28.          On August 15, 2024, USCIS issued a NOIR that stated its intention to revoke the L-1 petition pursuant to 8 C.F.R. 214.2(*l*)(9)(iii) based on its determination that one or more entities are no longer qualifying organizations. Specifically, it stated the following:

> [O]n December 20, 2022, the United States Court of Appeals for the
> District of Columbia ruled against China Telecom Americas
> Corporation's challenge to the Federal Communications
> Commission ("FCC") order to revoke the authority of China
> Telecom to operate domestic and international transmission lines
> pursuant to Section 214 of the Communications Act of 1934. In
> practice, this means that China Telecom Americas Corporation is no
> longer legally allowed to offer regulated telecommunications
> services in the United States.

29.          On September 16, 2024, CTA responded to the NOIR with documentary evidence to demonstrate that the petition should remain approved. Specifically, the response proved that despite the FCC's revocation of CTA's authority to provide mobile services and CTA's subsequent cessation of those services, CTA continues to lawfully provide cloud, data

center, and information services in the United States in compliance with federal and state regulations.

30.    On November 15, 2024, CTA contacted USCIS to inquire as to the status of the case via the "Ask Emma" function on the USCIS website. An online representative stated that the case was processing according to normal processing times.

31.    On November 18, 2024, CTA submitted a case status inquiry on the USCIS website, a mechanism that is only available for cases that have been pending longer than the normal processing times posted on USCIS website. USCIS assigned the service request ID number SR13232404729TSC.

32.    On November 18, 2024, USCIS responded with the below, in relevant part:

> Thank you for your inquiry, submitted on November 18, 2024 regarding your Form I129 PETITION FOR A NONIMMIGRANT WORKER, notifying us that your case may be outside normal processing times. We have received your request and assigned it an Inquiry ID (SR13232404729TSC) that we will use for referencing any subsequent messages. USCIS may require at least 60 days to process your request.

33.    On December 15, 2024, USCIS emailed CTA's counsel and stated the following:

> The USCIS Contact Center has a response time goal of 30 days based on your Issue. There is no need to contact us again regarding this inquiry and will respond to your inquiry as soon as we are able.
>
> You may receive a response by email, or we may need to call you for additional information.

34.    As of the date of filing this complaint, there has been no further communication from USCIS.

35.    CTA's L-1 petition filed on behalf of Mr. Zhao, receipt number

SRC2305650169, remains pending. As of the date of filing this complaint, the L-1 petition's case status on the USCIS website displays as "Response To USCIS' Request For Evidence Was Received" with the following explanation: "On September 16, 2024, we received your response to our Request for Evidence for your Form I-129, Petition for a Nonimmigrant Worker, Receipt Number SRC2305650169. USCIS has begun working on your case again. We will send you a decision or notify you if we need something from you."

36.        Despite CTA's timely response to the NOIR and repeated follow ups with USCIS, USCIS has failed to re-adjudicate the L-1 petition. Contrary to its own procedures and the governing regulations set forth above, USCIS has taken no action on the petition since CTA responded to the NOIR on September 16, 2024.

37.        Plaintiffs have exhausted all administrative options for catalyzing action from USCIS on a process it is congressionally mandated to complete in a reasonable and timely manner.

38.        As a result of the delay in re-adjudicating the L-1 petition, Mr. Zhao has been absent from the United States since November 11, 2023.

39.        Within this nearly one-and-a-half year, Mr. Zhao has been unable to attend important telecom conferences on the CTA's behalf, resulting in missed business opportunities and financial loss for the company. Mr. Zhao's representation of CTA at events is vital for customer and partner relations, and in-person discussions and telecom network connections are crucial in facilitating international trade and maintaining commercial ties between the United States and the China and APAC region. Therefore, without Mr. Zhao's presence in the United States, CTA's business suffers. Additionally, CTA's U.S. employees have suffered decreased morale.

## CLAIMS FOR RELIEF

### Administrative Procedure Act

40.        Plaintiffs incorporate paragraphs 1 to 39 as if fully stated herein.

41.        The Administrative Procedure Act, 5 U.S.C. § 555(b) and 706(1), provides the Court with authority to compel agency action when unreasonably delayed.

42.        Defendants have unreasonably failed to re-adjudicate the L-1 petition in a timely manner. More than 25 months have passed since the petition's original submission, and nearly 5 months have passed since USCIS received CTA's NOIR response. CTA's follow ups with USCIS have yielded no results.

43.        It is unreasonable for Plaintiffs to continue awaiting re-adjudication of the L-1 petition due solely to the long-standing nature of USCIS adjudication delays.

### Mandamus Act

44.        Plaintiffs incorporate paragraphs 1 to 39 as if fully stated herein.

45.        The Mandamus Act, 28 U.S.C. § 1361, provides the Court with the authority to compel an officer or employee of any agency of the United States to perform a duty owed to Plaintiffs.

46.        Plaintiffs have a clear right to the relief requested. CTA is entitled to adjudication of its L-1 petition by virtue of filing the petition in accordance with USCIS' procedures. Mr. Zhao is similarly entitled to adjudication as the beneficiary of the L-1 petition.

47.        Defendants have a clear duty to perform the act in question—to re-adjudicate the L-1 petition in a reasonable time under the circumstances. Congress gave USCIS the responsibility to determine the factual question underlying an L-1 petitions. The governing regulations also make clear that USCIS' statutory responsibility imposes a mandatory duty to

adjudicate L-1 petitions.

      48.      Under the circumstances, it is unreasonable for Defendants to further delay re-adjudication of CTA's L-1 petition on behalf of Mr. Zhao.

      49.      No other adequate remedy is available. Plaintiffs have submitted follow ups with USCIS, and Defendants have failed to take further action.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court

      50.      Assume jurisdiction over this action;

      51.      Compel Defendants to immediately re-adjudicate CTA's L-1 petition on behalf of Mr. Zhao; and

      52.      Award such further relief as the Court deems necessary or proper.

Respectfully submitted,

February 24, 2025

/s/ David Reece Broderdorf, II
David Reece Broderdorf, II (VSB No. 76538)
**MORGAN, LEWIS & BOCKIUS LLP**
1111 Pennsylvania Ave. NW
Washington, D.C. 20004-2541
Telephone: (202) 739-5817
Facsimile: (202) 739-3001
david.broderdorf@morganlewis.com

*Attorney for Plaintiffs*